UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **MELANIE STRANKO,** )<br>)<br>*Plaintiff,* )<br>)<br>v. )<br>)<br>**OMEGA AUTO CARE, LLC** )<br>)<br>*Defendant.* )<br>) | Case No.:  2:22-cv-1397 |

## COMPLAINT

Melanie Stranko (hereinafter referred to as "Plaintiff" or "Ms. Stranko"), by and through her attorneys, Kimmel & Silverman, P.C., alleges the following against Omega Auto Care, LLC ("Omega" or "Defendant"):

## INTRODUCTION

1. Plaintiff's Complaint is based on Defendants' violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. §227 *et seq.*

## JURISDICTION AND VENUE

2. This Court's jurisdiction arises under 28 U.S.C. § 1331, which grants this Court original jurisdiction of all civil actions arising under the laws of the United States.

3. Plaintiff is a resident of Pennsylvania with a "724" area code. This Court has personal jurisdiction as Defendant Omega availed itself to this Commonwealth by calling and and texting the Plaintiff at a phone number associated with Commonwealth of Pennsylvania.

4. A substantial portion of the acts and omissions described herein occurred within this District.

5. Accordingly, venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

6. Plaintiff is a "person" as that term is defined by 47 U.S.C. §153(39).

7. Plaintiff is a resident of Greenburg, Pennsylvania 15601.

8. Defendant Omega is an automobile warranty provider that regularly does business in the Commonwealth of Pennsylvania.

9. Defendant Omega maintains its headquarters at 50 North Laura Street, Suite 2500, Jacksonville, Florida.

10. Defendant is a "person" as the term is defined by 47 U.S.C. § 153 (39).

11. Defendant Omega is a business entity that regularly conducts business in the Commonwealth of Pennsylvania.

12. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

13. At all times relevant hereto, Plaintiff owned a cellular telephone with the number (724) XXX-8043.

14. Plaintiff registered her cell phone with the Do Not Call Registry on or around February 20, 2009.

15. Plaintiff used her cell phone for primarily residential purposes.

16. Plaintiff registered her number on the Do Not Call Registry in order to obtain solitude from unwanted telemarketing calls.

17. Defendant Omega Auto Care is in the business of selling automobile warranty and uses telemarketing to solicit business.

18. Plaintiff never provided express written consent, or any consent, to receive calls from Defendant Omega Auto Care.

19. Nonetheless, Omega placed unwanted telemarketing calls to Plaintiff at times including, but not limited to:

| | |
|---|---|
| February 27, 2020 at 11:21 AM | 949-238-6987 |
| February 27, 2020 at 11:22 AM | 949-238-6987 |
| Text sent on February 27, 2020 at 11:25 AM | 800-900-4043 |
| February 27, 2020 at 11:40 AM | 949-238-6987 |
| February 27, 2020 at 11:41 AM | 949-238-6987 |
| February 27, 2020 at 11:54 AM | 949-238-6987 |
| February 27, 2020 at 12:24 PM | 949-238-6987 |
| February 27, 2020 at 4:24 PM | 949-238-6987 |
| March 2, 2020 at 10:12 AM | 949-238-6987 |

20. Furthermore, upon information and belief, Plaintiff received additional calls not listed above.

21. Plaintiff did not provide express written consent prior to the commencement of those calls and did not express interest in Omega's extended warranty services.

22. During the course of that call campaign, Plaintiff repeatedly asked the calling party to identify which company was calling.

23. Defendant's representative initially advised Plaintiff that they were calling on behalf of "Mechanic's Choice". However, once Plaintiff was transferred to the "verification department" Plaintiff was informed of Defendant's real name, Omega Auto Care.

24. Plaintiff asked Omega's representatives to stop the telemarketing calls on multiple occasions, however the calls continued.

25. Plaintiff was annoyed, frustrated, and distracted by subject calls.

## CAUSE OF ACTION

### COUNT I
### DEFENDANT VIOLATED THE TCPA 47 U.S.C § 227 (c) (5)

26. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

27. The TCPA prohibits any person or entity of initiating two or more telephone solicitations in a calendar year to a residential telephone subscriber who has registered their telephone number on the National Do Not Call Registry of persons who do not wish to receive telephone solicitation that is maintained by the Federal Government. 47 U.S.C. § 227 (c).

28. Defendant Omega placed two or more solicitation calls to Ms. Stranko's cell phone during a calendar year 2020, despite the fact that Plaintiff had registered her cell phone number on the Federal Do Not Call Registry in 2009.

29. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

30. The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

31. As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and treble damages.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, MELANIE STRANKO, respectfully prays for judgment as follows:

a. All actual damages Plaintiff suffered pursuant to 47 U.S.C § 227 (c) (5);
b. Statutory damages of $500.00 per text/call as provided under 47 U.S.C § 227 (c)(5)(B);
c. Treble damages of $1,500.00 per text/call as provided under 47 U.S.C. § 227 (c)(b)(3);
d. Additional treble damages of $1,500.00 per text/call as provided under 47 U.S.C. § §227 (c)(5)(C);
e. Injunctive relief as provided under 47 U.S.C. §§ 227 (c)(5); and
f. Any other relief this Honorable Court deems appropriate.

## **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, MELANIE STRANKO, demands a jury trial in this case.

Respectfully submitted,

Kimmel & Silverman, P.C.

Dated: October 4, 2022

*/s/ Jacob U. Ginsburg*
Jacob U. Ginsburg, Esq.,
PA ID 311908
30 East Butler Ave.
Ambler, Pennsylvania 19002
Phone: (215) 540-8888 ext. 104
Facsimile: (877) 788-2864
Email: jginsburg@creditlaw.com
Email: teamkimmel@creditlaw.com